# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEJWAN SIMMS,<br><br>             Plaintiff,<br><br>       v.<br><br>EDWARDS,<br><br>             Defendant. | Case No. 1:22-cv-00028-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT CORRECTION OFFICER #1 FROM ACTION WITHOUT PREJUDICE<br><br>(ECF No. 23)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Dejwan Simms ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This case proceeds against Defendants Edwards and Correction Officer #1 for deliberate indifference to medical needs and for failure to protect, in violation of the Eighth Amendment, for the events surrounding the transport back to North Kern State Prison on October 16, 2020.

**I.    Background**

On March 9, 2022, the Court directed Plaintiff to file a motion to substitute the identity of Defendant Correction Officer #1 that provides the Court with enough information to locate them for service of process.  (ECF No. 11.)  Following an extension of time, Plaintiff's motion to substitute the identity of Defendant Correction Officer #1 was due on or before July 12, 2022.  (ECF No. 23.)  Plaintiff was warned that if he failed to comply with the Court's order, the Court would dismiss the unidentified defendant from this action, without prejudice, for failure to serve

with process pursuant to Federal Rule of Civil Procedure 4(m).  (*Id.* at 2.)

The deadline for Plaintiff's response to the Court's June 9, 2022, order has expired.  To date, Plaintiff has not filed a motion to substitute the identity of Defendant Correction Officer #1 or otherwise complied with the Court's order.

**II.     Discussion**

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "[A] prisoner 'is entitled to rely on the U.S. Marshal for service' . . . as long as he or she 'provide[s] the necessary information to help effectuate service.'"  *Schrubb v. Lopez*, 617 Fed. Appx. 832, 832 (9th Cir. 2015) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995)).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'"  *Walker v. Sumner*, 14 F.3d 1415, 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir.1990)), *overruled on other grounds by Sandin*, 515 U.S. at 483–84.  However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate.  *Walker*, 14 F.3d at 1421–22.

Plaintiff has been granted multiple opportunities to provide sufficient information to identify Defendant Correction Officer #1 so the United States Marshal may serve the summons and complaint.  Despite a warning that failure to do so would result in dismissal of Defendant Correction Officer #1 from this action, Plaintiff has not complied with the Court's order.  In addition, Plaintiff has failed to set forth good cause for his failure to identify Defendant Correction Officer #1, and has failed to provide any explanation detailing the efforts he has taken

to locate the names of Defendant Correction Officer #1.

**III.     Recommendation**

Accordingly, the Court HEREBY RECOMMENDS that Defendant Correction Officer #1 be dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 26, 2022**                           /s/ Barbara A. McAuliffe            _
                                                              UNITED STATES MAGISTRATE JUDGE

3