# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEJWANN SIMMS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>EDWARDS,<br><br>　　　　　　Defendant. | Case No.  1:22-cv-00028-JLT-BAM (PC)<br><br>ORDER GRANTING DEFENDANT EDWARD'S MOTION TO CHANGE TIME TO FILE FAILURE TO EXHAUST MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 28)<br><br>**Dispositive Motion Deadline (Exhaustion): October 31, 2022** |

　　　　Plaintiff Dejwann Simms ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Edwards and Correction Officer #1 for deliberate indifference to medical needs and for failure to protect, in violation of the Eighth Amendment, for the events surrounding the transport back to North Kern State Prison on October 16, 2020.  Defendant Edwards has answered the complaint.[1]

　　　　The Court issued a discovery and scheduling order on June 1, 2022.  (ECF No. 21.)  That order set the deadline for filing motions for summary judgment for failure to exhaust administrative remedies for September 1, 2022.  (*Id.*)

---

[1] The Court's July 27, 2022 findings and recommendations to dismiss Correction Officer #1 from this action, without prejudice, and Plaintiff's August 22, 2022 motion to substitute the identity of Correction Officer #1 are currently pending before the Court.  (ECF Nos. 26, 27.)

1

Currently before the Court is Defendant Edwards' first motion to change time to file failure to exhaust motion for summary judgment, filed August 31, 2022. (ECF No. 28.) As this is a request to alter a dispositive motion filing date, the Court will consider the filing as a motion to modify the discovery and scheduling order to extend the time for filing an exhaustion motion.

In support of the motion, defense counsel declares that sixty-day extension, through October 31, 2022, is necessary to complete investigation, obtain necessary declarations, draft, and file a motion for summary judgment for failure to exhaust administrative remedies. (*Id.*) Counsel states that this request is based on his obligations and case work in other matters since this case was transferred to him, the time required to complete tasks in this matter unrelated to a failure to exhaust summary judgment motion, including responding to Plaintiff's discovery requests, and to allow sufficient additional time to complete relevant investigation, obtain necessary declarations (one of which requires a thirty-day lead time for the declarant), and to draft the motion for summary judgment. Defendant argues that this request will not unnecessarily prejudice Plaintiff, as discovery is not scheduled to close until February 1, 2023, non-exhaustion-based dispositive motions are not due until April 10, 2023, and Plaintiff has indicated that he intends to seek leave to substitute the identity of Defendant Correction Officer #1 once the identity is discovered, and that individual will then be required to appear and answer before the case may proceed against that individual. (*Id.*)

Plaintiff has not yet had an opportunity to file a response, but the Court finds a response is unnecessary. The motion is deemed submitted. Local Rule 230(l).

Having considered the request, the Court finds good cause to grant the requested extension of the exhaustion summary judgment motion deadline. Fed. R. Civ. P. 16(b)(4). The Court finds that Plaintiff will not be prejudiced by the extension granted here. No other deadlines are extended by this order.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendant Edwards' motion to modify the discovery and scheduling order to extend the deadline to file an exhaustion motion, (ECF No. 28), is GRANTED; and

///

2. The deadline for filing motions for summary judgment for failure to exhaust administrative remedies is extended from September 1, 2022 to **October 31, 2022**.

IT IS SO ORDERED.

Dated: __**September 1, 2022**__     /s/ *Barbara A. McAuliffe*    _
                                    UNITED STATES MAGISTRATE JUDGE

3