# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEJWAN SIMMS,<br><br>            Plaintiff,<br><br>       v.<br><br>EDWARDS,<br><br>            Defendant. | Case No.  1:22-cv-00028-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 44) |

Plaintiff Dejwan Simms ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Edwards for deliberate indifference to medical needs and for failure to protect, in violation of the Eighth Amendment, related to the events surrounding Plaintiff's transport back to North Kern State Prison on October 16, 2020.  All parties have consented to United States Magistrate Judge jurisdiction.  (ECF No. 43.)

Currently before the Court is Plaintiff's motion to appoint counsel, filed October 4, 2023. (ECF No. 44.)  Plaintiff requests counsel to represent him pursuant to authority relevant to *habeas corpus* proceedings.  Plaintiff further states that he is unable to afford counsel, his imprisonment will greatly limit his ability to litigate, his understanding and reasoning is sub par and will leave him at an unsurmountable disadvantage at trial, the issues involved in this case are complex and will require research and investigation, a trial would need investigation out of Plaintiff's realm,

1

1  and Plaintiff has limited access to the law library and someone to help guide him.  (*Id.*)
2  Defendant filed a response in opposition on October 5, 2023.  (ECF No. 45.)  The Court finds a
3  reply from Plaintiff is unnecessary, and the motion is deemed submitted.  Local Rule 230(l).

4        First, Plaintiff is informed that the filing fee has been paid and Plaintiff is not proceeding
5  *in forma pauperis* in this action.  The Court is not aware of any authority that would allow the
6  appointment of counsel for a litigant in a civil action who is not proceeding *in forma pauperis*.

7        Even if Plaintiff were proceeding *in forma pauperis* in this action, Plaintiff is informed
8  that he is proceeding in a civil rights action pursuant to 42 U.S.C § 1983, not a *habeas corpus*
9  proceeding.  Therefore, Plaintiff does not have a constitutional right to appointed counsel in this
10 action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*,
11 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent
12 plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*,
13 490 U.S. 296, 298 (1989).  In certain exceptional circumstances the court may request the
14 voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

15       Without a reasonable method of securing and compensating counsel, the Court will seek
16 volunteer counsel only in the most serious and exceptional cases.  In determining whether
17 "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
18 the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
19 complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

20       The Court has considered Plaintiff's request, but does not find the required exceptional
21 circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,
22 would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed
23 almost daily by prisoners who are proceeding *pro se* who must conduct research and investigation
24 with limited access to a law library.  These plaintiffs also must litigate their cases without the
25 assistance of counsel.

26       In addition, based on a review of the record in this case, the Court does not find that
27 Plaintiff cannot adequately articulate his claims.  Plaintiff is able to prepare and file documents
28 clearly setting forth his contentions, without assistance from counsel.  Furthermore, although the

Court screened the complaint and found that it stated a cognizable claim that is proceeding in this action, this does not necessarily indicate a likelihood of success on the merits. Defendant's motion for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies is pending before the Court, which, if granted, would result in dismissal of Plaintiff's action.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 44), is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **October 10, 2023**          /s/ *Barbara A. McAuliffe*
                                                                        UNITED STATES MAGISTRATE JUDGE