# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEJWAN SIMMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EDWARDS,<br><br>　　　　Defendant. | Case No.  1:22-cv-00028-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF No. 31) |

**I.    Background**

Plaintiff Dejwan Simms ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Edwards ("Defendant") for deliberate indifference to medical needs and for failure to protect, in violation of the Eighth Amendment, relating to the events surrounding Plaintiff's transport back to North Kern State Prison on October 16, 2020.  All parties have consented to United States Magistrate Judge jurisdiction. (ECF No. 43.)

On October 31, 2022, Defendant filed a motion for summary judgment on the ground that there is no genuine dispute as to any material fact that Plaintiff failed to exhaust available administrative remedies before filing suit as required by the Prison Litigation Reform Act.[1]  (ECF

---

[1] Concurrent with this motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment.  *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).  (ECF No. 31-6.)

1

No. 31.)  Plaintiff filed his opposition on December 19, 2022.  (ECF No. 34.)  Defendant filed a reply brief on January 19, 2023.  (ECF No. 37.)

The motion for summary judgment is deemed submitted.[2]  Local Rule 230(l).

## II.     Defendant's Motion for Summary Judgment

### A.     Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion.  *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino*, 747 F.3d at 1166.  "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."  *Albino*, 747 F.3d at 1166.  Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust.  *Id.*

Defendant must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy.  *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted).  The burden then shifts to Plaintiff to show something in his particular case made the existing and generally available administrative remedies effectively unavailable to him.  *Williams*, 775 F.3d at 1191 (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted).  The ultimate burden of proof on the issue of exhaustion remains with Defendant.  *Id.* (quotation marks omitted).

---

[2] This motion was dropped inadvertently by the Court's CM/ECF reporting/calendaring system resulting in the prolonged delay in resolution.

**B.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*, 747 F.3d at 1166; *Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, although it is not required to do so.  Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendant bears the burden of proof in moving for summary judgment for failure to exhaust, *Albino*, 747 F.3d at 1166, and he must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," *id.* at 1172.  If the defendant carries his burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  *Id.*  "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."  *Id.* at 1166.  However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts."  *Id.*

**III.    Discussion**

    **A.     Summary of CDCR's Administrative Review Process**

Effective June 1, 2020, the California prison grievance system has two levels of review. Cal. Code Regs. tit. 15, § 3480, *et seq.*  Pursuant to this system, an inmate may "dispute a policy, decision, action, condition, or omission by the Department or departmental staff that causes some

3

measurable harm to their health, safety, or welfare." *Id.* § 3481(a). In response, the inmate claimant will receive a written decision from the Institutional or Regional Office of Grievances clearly explaining the reasoning for the Reviewing Authority's decision as to each claim. *Id.* The inmate claimant has the ability to submit a written appeal concerning one or more claims to dispute the decision by the Institutional or Regional Office of Grievances, and in response will receive a written decision from the Office of Appeals clearly explaining the reasoning for the decision as to each claim. *Id.* Generally, "[c]ompletion of the review process by the Office of Appeals constitutes exhaustion of all administrative remedies available to a claimant within the Department." *Id.* § 3486.

### B. Undisputed Material Facts (UMF)[3]

1. Plaintiff Dejwan Simms ("Plaintiff") is a California prison inmate. At the time of the events at issue, Plaintiff was incarcerated at North Kern State Prison ("NKSP"). (ECF No. 1 ("Compl.").)

2. On January 6, 2022, Plaintiff filed a complaint under 42 U.S.C. § 1983 in the United States District Court, Eastern District of California, alleging that, on October 16, 2020, while incarcerated at NKSP, Defendant Edwards and Defendant Correction Officer #1 were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by rushing him back to the prison following nasal surgery at an outside hospital and ignoring his complaints that he was having difficulty breathing, was coughing up blood, and was in extreme pain. (*Id.* at 3–4.)

3. On March 8, 2022, the Court screened the complaint and found that, liberally construed, Plaintiff stated cognizable claims for deliberate indifference to serious medical needs and for failure to protect against Defendants by allegedly ignoring Plaintiff's complaints that

---

[3] *See* Defendant's Statement of Undisputed Facts in Support of Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. (ECF No. 31-1.) Plaintiff did not provide a separate statement of undisputed facts in his opposition. Local Rule 260(a). As a result, Defendant's Statement of Undisputed Facts is accepted except where brought into dispute by Plaintiff's verified complaint and opposition to the motion for summary judgment. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence); *Johnson v. Meltzer*, 134 F.3d 1393, 1399–1400 (9th Cir. 1998) (same, with respect to verified motions). Unless otherwise indicated, disputed and immaterial facts are omitted from this statement and relevant objections are overruled.

he was having difficulty breathing, was coughing up blood, and was in extreme pain while being transported back to the prison following surgery and by telling Plaintiff they had to get back to the prison so they could get off of work on time. (ECF No. 10 ("Screening Order"), pp. 3–5.)

4. On September 6, 2022, the Court dismissed Correction Officer #1 from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m). (ECF Nos. 26, 30.)

5. Title 15 of the California Code of Regulations provides an administrative appeals process that permits an inmate to submit a written grievance to dispute a policy, decision, action, condition, or omission by the CDCR or CDCR staff. If filing a grievance before June 1, 2020, an inmate was required to follow the procedures set forth in Title 15, sections 3084–3085; between June 1, 2020, and December 31, 2021, an inmate was required to follow the procedures set forth in Title 15, sections 3480–3487; and beginning January 1, 2022, inmates are required to follow the procedures set forth in Title 15, sections 3480–3485. Since June 1, 2020, the grievance process consists of two levels of appeal: (1) the institutional or regional level handled by the Office of Grievances ("OOG") at the subject prison; and (2) the Departmental level handled by the Office of Appeals ("OOA") located in Sacramento, California. (ECF No. 31-2 ("Moseley Decl.") ¶ 6.)

6. Plaintiff's NKSP grievance history reflects that, through May 6, 2022, Plaintiff submitted nine (9) grievances since 2019 and while at NKSP. Five (5) of those grievances—NKSP-A-19-01745, NKSP-A-19-03058, NKSP-A-20-00396, and NKSP-A-20-00397, and grievance Log No. 33194—were submitted before the alleged incident on October 16, 2020, and, as such, have no relation to that incident. (ECF No. 31-4 ("Magallanes Decl.") ¶¶ 6–14, Ex. A.)

7. Two the remaining four (4) grievances submitted by Plaintiff through May 5, 2022, are grievance Log No. 97524, relating to the alleged October 16, 2020 incident; and grievance Log No. 99904, concerning Plaintiff's request to excuse the untimeliness of grievance Log No. 97524 based on his mistaken efforts to initially grieve the issue as a health care appeal. (*Id.* ¶¶ 6–14, Exs. A–C.)

8. The final two grievances submitted by Plaintiff through May 5, 2022, are grievance Log Nos. 158172 and 245660 and address issues wholly unrelated to the alleged October 16, 2020 incident. (*Id.* ¶¶ 6, 15, Exs. A, D–E.)

9. A search of the OOA's records was conducted to determine whether any appeals received on or after October 16, 2020, alleged that Defendant Edwards or Defendant Edwards' unidentified partner-officer ignored Plaintiff's complaints that Plaintiff was having difficulty breathing, was in extreme pain, or was coughing up blood during Plaintiff's return from the hospital following surgery on October 16, 2020. Two relevant grievances were found: grievance Log No. 97524 and grievance Log No. 99904. (Moseley Decl. ¶¶ 8–15, Exs. A–C.)

10. In grievance Log No. 97524, Plaintiff alleged that, on October 16, 2020, while being transported back to NKSP following nasal surgery at an outside hospital, Defendant Edwards and her unidentified partner officer ignored Plaintiff's complaints that he could not breathe and was coughing up blood. (Magallanes Decl. ¶ 8, Ex. B, AGO MSJ 0033–36.)

11. The OOG received Plaintiff's grievance on March 11, 2021. (*Id.* ¶ 8, Ex. B, AGO MSJ 0033, 0035, 0047.)

12. On March 12, 2021, the OOG rejected Plaintiff's grievance as untimely. In the rejection decision, the OOG noted that Plaintiff was required by the controlling regulations to submit his grievance within 30 days of the incident that he was grieving; that the alleged incident occurred on October 16, 2020; that Plaintiff's claim should have been submitted by November 15, 2020; and that Plaintiff did not submit his claim to the OOG until March 11, 2021. (*Id.* ¶ 8, Ex. B, AGO MSJ 0047.)

13. Plaintiff included attachments with grievance Log No. 97524, demonstrating that he initially and improperly attempted to submit his appeal as a health care grievance, NKSP HC 20000731. The Health Care Grievance Office ("HCGO") at NKSP received and rejected Plaintiff's submission on November 16, 2020, noting that the subject of Plaintiff's appeal was "outside the health care jurisdiction," and should be addressed

through "appropriate custody channels" or Plaintiff should explain why he believed the issue was within health care jurisdiction and resubmit the grievance to the HCGO at NKSP. Despite this rejection and instructions to either submit the grievance as a custody grievance or resubmit the issue to the HCGO at NKSP with an explanation of how health care jurisdiction applied, Plaintiff, instead, submitted NKSP HC 20000731 directly to the Headquarters Level of review at California Correctional Health Care Services ("CCHCS"). The Headquarters Level of review received Plaintiff's submission on January 19, 2021, and rejected it on January 26, 2021, for improperly bypassing the institutional level of review. Plaintiff then resubmitted NKSP HC 20000731 to the HCGO at NKSP and it was again rejected on February 22, 2021. The rejection notice again explained that the subject of the grievance was not within health care jurisdiction and the issue should be addressed through "appropriate custody channels." The rejection notice indicated that a "green CDCR 602 (for custody issues) has been attached for your use." (*Id.* ¶ 9, Ex. B, AGO MSJ 0037–46.)

14. At the time Plaintiff submitted grievance Log No. 97524 to the OOG on March 11, 2021, concerning the October 16, 2020 alleged incident, an inmate was required to submit a claim within 30 calendar days of discovering an adverse policy, decision, action, condition, or omission by the Department. (*Id.* ¶ 10, Ex. B; Cal. Code Regs. tit. 15 § 3482(b) (*as amended* June 1, 2020).)

15. The OOG determined that Plaintiff's protracted, improper efforts to initially grieve the issue as a health care appeal, did not insulate his grievance from being rejected by the OOG as untimely. (Magallanes Decl. ¶ 10, Ex. B.)

16. On April 15, 2021, Plaintiff appealed the OOG's March 12, 2021 rejection decision of grievance Log No. 97524 to the OOA. (Moseley Decl. ¶¶ 9–10, Ex. B, AGO MSJ 0003, 0020–21.)

17. The OOA received the appeal of grievance Log No. 97524 on May 3, 2021, and likewise rejected it as untimely, but for reasons distinct from the reasons underlying the decision by the OOG. The OOA's rejection decision was based on the passage of 34 days between the

7

date the OOG's decision letter was mailed to Plaintiff on March 12, 2021, and the date Plaintiff's appeal was submitted by mail to the OOA on April 15, 2021. This period exceeded the 30-calendar-day limit set forth in a separate regulation at the time. (*Id.* ¶¶ 9–10, Ex. B, AGO MSJ 0003–04, 0006, 0008, 0020–21; Cal. Code Regs. tit. 15 § 3485(b) (*as amended* June 1, 2020)[4].)

18. The OOA's rejection of grievance Log No. 97524 was independent and distinct from the OOG's initial rejection of that grievance, and, while both rejections were based on Plaintiff's untimeliness, that ultimate untimeliness relates to two different procedural deadlines that Plaintiff failed to meet on two separate occasions. (Moseley Decl. ¶¶ 9–10, Ex. B; Magallanes Decl. ¶¶ 8, 10–11, Ex. B.)

19. Under the regulations in effect at the time Plaintiff submitted grievance Log No. 97524, as is true under the current regulations, neither the OOG, nor the OOA's rejection decision constituted exhaustion of administrative remedies for the claims asserted in grievance Log No. 97524. (Moseley Decl. ¶ 11; Magallanes Decl. ¶ 12; Cal. Code Regs. tit. 15 §§ 3843(m)(1), 3486(m), 3487(a)(3) (*as amended* June 1, 2020); §§ 3485(1)(2), 3483(1)(1) (*as amended* January 5, 2022).)

20. In grievance Log No. 99904, Plaintiff alleged that the rejection of grievance Log No. 97524 by the OOG on untimeliness grounds was improper because Plaintiff did not know that his allegations should have been submitted as a "custody" grievance and he initially timely submitted his allegation as a health care appeal, NKSP HC 20000731. (Magallanes Decl. ¶ 13, Ex. C, AGO MSJ 0048–51.)

21. On March 19, 2021, the OOG rejected Plaintiff's claim as duplicative of grievance Log No. 97524. (*Id.* ¶ 13, Ex. C, AGO MSJ 0052.)

22. Under the emergency regulations in effect at the time the OOG rejected grievance Log No. 99904, a rejection decision at the institutional level on duplicative grounds did not constitute exhaustion of administrative remedies. (*Id.* ¶ 13; Cal. Code Regs. tit. 15 §§

---

[4] Subsection 3485(b) was amended and renumbered on January 5, 2022, extending the time to submit an appeal to 60 calendar days in new subsection 3484(b).

3483(m)(1), 3487(a)(3) (*as amended* June 1, 2020).)

23. Plaintiff appealed the OOG's rejection decision for grievance Log No. 99904 to the OOA. The OOA received the appeal on May 3, 2021, and granted it. (Moseley Decl. ¶¶ 12–13, Ex. C, AGO MSJ 0022–26.)

24. In granting Plaintiff's appeal, the OOA determined that Plaintiff's grievance should not have been rejected by the OOG as duplicative of grievance Log No. 97524, but, instead, should have been rejected for grieving the regulatory framework of the grievance process itself—a prohibited subject matter for a grievance under both the former and current regulations. (*Id.* ¶ 13, Ex. C, AGO MSJ 0022; Cal. Code Regs. tit. 15 §§ 3483(e) and 3487(a)(5) (*as amended* June 1, 2020); § 3483(g)(6)(E) (*as amended* January 5, 2022).)

25. The OOA's decision was limited to the OOG's erroneous grounds for rejection of grievance Log No. 99904 and in no way affected the OOA's earlier decision rendered on June 8, 2021, rejecting Appeal Log No. 97524 as untimely. (Moseley Decl. ¶ 13; Magallanes Decl. ¶ 14.)

26. Other than grievance Log Nos. 97524 and 99904, Plaintiff has not submitted any further appeals related to Defendant Edwards, Defendant Edwards' unidentified partner-officer, or Plaintiff's return from the hospital following surgery on October 16, 2020. (Moseley Decl. ¶¶ 8, 15, Ex. A; Magallanes Decl. ¶¶ 6, 15, Exs. A, D–E.)

**C.     Parties' Positions**

Defendant contends that Plaintiff had access to the inmate grievance system, as evidenced by the nine grievances he submitted between 2019 and May 6, 2022, while incarcerated at NKSP. Only grievance Log Nos. 97524 and 99904 reference the October 16, 2020 events at issue, and neither grievance properly exhausted Plaintiff's cognizable claims in this action. Grievance Log No. 97524 was submitted nearly five months after October 16, 2020, after Plaintiff repeatedly submitted his grievance to the health care appeals office despite repeated instructions that his grievance should be addressed through custody channels. When grievance Log No. 97524 was rejected as untimely by the OOG at the institutional level, Plaintiff submitted an untimely appeal to the OOA, which was rejected because Plaintiff did not submit his appeal within 30 days after

the OOG's decision.  In grievance Log No. 99904, Plaintiff sought to excuse his untimeliness in Log No. 97524 by arguing that he was not aware that he should have submitted Log No. 97524 as a custody, rather than health care, grievance.  Log No. 99904 was rejected by the OOG as duplicative of Log No. 97524.  When Plaintiff appealed to the OOA, the OOA found that Log No. 99904 should not have been rejected as duplicative, but should have been rejected as improperly challenging the regulatory framework of the grievance system.  While Plaintiff's appeal of Log No. 99904 was granted, it did not disturb the rejection of Log No. 97524 on untimeliness grounds or otherwise address the merits of Plaintiff's claims about October 16, 2020.

In opposition, Plaintiff argued that he properly grieved the October 16, 2020 incident because he submitted a health care grievance, NKSP HC 20000731, within the required 30 days. Plaintiff believed he had submitted his grievance to the proper office, and when his grievance was rejected, tried to explain in his appeal how he believed his claim was the responsibility of the health care jurisdiction, not custody.  Plaintiff argues that he followed the instructions provided on the rejection notices by continuing to appeal the rejections to the health care grievance office, and did not realize he had passed the time limitations until they were already over.  Plaintiff notes that he has a TABE score of 6.4, and a documented learning disability, and should have been told clearly that he was filing his grievance in the wrong place and why, as well as how and where he should file once staff saw that Plaintiff did not understand what they were saying.

In reply, Defendant argues that Plaintiff's opposition is procedurally defective for failing to comply with Local Rule 260, and Defendant's undisputed facts should be adopted in whole.  In his opposition, Plaintiff effectively agrees that the only two relevant grievances are Log Nos. 97524 and 99904, but proffers no evidence that suggests a disputed genuine issue of material fact exists as to whether he properly exhausted administrative remedies.  Plaintiff does not dispute that Log No. 97524 was rejected by the OOG on untimeliness grounds, only that he should be excused based on his efforts to submit his claim as a health care grievance.  Plaintiff also does not address the untimeliness of his appeal of Log No. 97524 to the OOA.  Log No. 99904, although granted, did not exhaust Plaintiff's rejected claims in Log No. 97524.

///

**D.    Analysis**

      1.    <u>NKSP HC 2000731</u>

Plaintiff initially submitted his claims regarding Defendant Edwards as a health care grievance, NKSP HC 2000731. UMF 13. Although submitted within the required thirty days of October 16, 2020, the grievance was rejected as outside the health care jurisdiction, and explained that the claims should be addressed through appropriate custody channels, or Plaintiff should explain why he believed the issue was within health care jurisdiction and resubmit the grievance to the HCGO at NKSP. *Id.* Believing that the issue was properly within the health care jurisdiction, Plaintiff attempted to submit NKSP HC 2000731 directly to the Headquarters Level of review. *Id.* When the grievance was rejected as improperly bypassing the institutional level of review, Plaintiff resubmitted NKSP HC 2000731 to the HCGO at KVSP, where it was again rejected as not within health care jurisdiction. *Id.* At that point, the rejection notice included an attached "green CDCR 602 (for custody issues)" for Plaintiff's use. *Id.* When Plaintiff submitted grievance Log No. 97524 as a custody issue, received by the OOG on March 11, 2021, he attached records of his previous attempts to submit his claim as a health care grievance. *Id.*; UMF 11.

Plaintiff argues that his efforts to timely submit his grievance, albeit through the improper channels, combined with his learning disability and the HCGO's failure to explain to him in clearer language that he was filing his grievance to the wrong office, should excuse his failure to timely submit a custody grievance relating to his claims in this action. However, despite Plaintiff's argument that he did not fully understand the rejection notices from the HCGO when they stated that the issues should be addressed through appropriate custody channels, Plaintiff understood and followed the directions on the same notices regarding how to resubmit his health care grievance or take corrective actions to appeal to the next level of review. UMF 13 (detailing Plaintiff's efforts to take corrective actions in his health care grievance by explaining how health care jurisdiction applied); ECF No. 34, p. 4 (same). Although it is undisputed that Plaintiff made many efforts to submit his grievance through health care channels, Plaintiff's efforts, even if made in good faith, do not serve to exhaust his administrative remedies where he was provided

11

notice on multiple occasions that his issue should be addressed through custody channels. (ECF No. 31-5, pp. 9, 14, 16.) Even viewing the facts in the light most favorable to Plaintiff, this is not a case where Plaintiff was misled by incorrect or confusing directions from institutional staff, such that his administrative remedies were rendered effectively unavailable. Accordingly, NKSP HC 20000731 does not excuse Plaintiff's failure to exhaust his administrative remedies.

### 2. Grievance Log No. 97524

Even assuming Plaintiff's untimely submission of grievance Log No. 97524 at the institutional level could be excused by his initial efforts to submit his claims as a health care grievance, Plaintiff has failed to explain why he waited more than thirty days to submit an appeal of Log No. 97524 to the OOA. The OOG rejected Log No. 97524 as untimely on March 12, 2021, and Plaintiff did not submit his appeal to the OOA until April 15, 2021, 34 days later. UMF 16, 17. The OOA then rejected Plaintiff's appeal because it was not submitted within thirty days of March 12, 2021. UMF 17. Plaintiff provides no argument or evidence to explain why his appeal of Log No. 97524 was not submitted within the required thirty days. Thus, Log No. 97524 does not serve to exhaust Plaintiff's administrative remedies as to Plaintiff's claims in this action.

### 3. Grievance Log No. 99904

Plaintiff next submitted grievance Log No. 99904, alleging that the rejection of Log No. 97524 by the OOG as untimely was improper. UMF 20. Plaintiff again argued that he submitted his claim on time because it was originally submitted as a health care grievance and he did not know it should have been submitted as a custody issue. *Id.* While the OOA found that Log No. 99904 was improperly rejected by the OOG as duplicative of Log No. 97524, the OOA also found that Log No. 99904 still should have been rejected for grieving the regulatory framework of the grievance and appeal process. UMF 21, 23–24. While the OOA decision stated that the appeal was "[g]ranted" it further stated that "[t]here is no applicable remedy." (ECF No. 31-3, p. 25.) Thus, although Log No. 99904 served to exhaust Plaintiff's administrative remedies as to the improper rejection of Log No. 99904 by the OOG as duplicative of Log No. 97524, it did not provide for a consideration of Log No. 97524 on the merits of Plaintiff's claims, or otherwise overturn the decision to reject Log No. 97524 as untimely. UMF 25. Accordingly, Log No.

99904 also fails to exhaust Plaintiff's administrative remedies as to the claims in this action.

**IV.  Conclusion and Order**

Based on the foregoing, the Court finds that Plaintiff failed to exhaust his administrative remedies as to his claims against Defendant Edwards.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendant Edwards' motion for summary judgment for failure to exhaust administrative remedies, (ECF No. 31), is GRANTED;
2. This action is dismissed, without prejudice, for failure to exhaust administrative remedies; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 20, 2024**        /s/ Barbara A. McAuliffe
                                     UNITED STATES MAGISTRATE JUDGE